IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE L. ADAMS,

        Plaintiff,                        No. CIV S-11-0913 JAM EFB PS

   vs.

CHARLES L. EASLEY, et al.,

        Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

       On April 5, 2011, plaintiff, who is proceeding *pro se*, filed a complaint against numerous defendants alleging, among other things, that several owners of a residence plaintiff has leased violated the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*., and plaintiff's civil rights by failing to maintain the property and thereby "constructively evicting" plaintiff from the property because of his race. *See generally* Compl., Dckt. No. 1. Plaintiff also alleges that the Sutter County District Attorney's Office and individually named district attorneys have violated plaintiff's Fourteenth Amendment rights to due process and equal protection, and plaintiff's rights under California's Victim's Bill of Rights, by failing to prosecute all of the owners of the leased premises and for allowing the two owners they have prosecuted, Charles Easley and Andrew Paulson, to accept a plea agreement. *Id.* Defendants have not yet appeared in the action.

////

1

On April 6, 2011, plaintiff filed a motion for a temporary restraining order ("TRO"), seeking to enjoin defendants Sutter County District Attorney Carl Adams and Assistant District Attorney David Reynolds, as well as defendants Easley and Paulson, from violating plaintiff's federal and California constitutional equal protection and due process rights, as well as his rights under California's Victim's Bill of Rights by allowing Easley and Paulson "to obfuscate the criminal justice process, obstruct justice and the rule of law, [and] abrogate their criminal culpability . . . by conspiring with the Sutter County District Attorney's Office to plead guilty to a lesser offense (simple 'infraction' instead of the charged criminal misdemeanor) at the harm and detriment of the victim (plaintiff)." Dckt. No. 4 at 3. In other words, it appears plaintiff wants this court to prohibit those defendants from entering a plea agreement in an ongoing criminal case in Sutter County because plaintiff contends that the plea violates his rights and will not be able to "be undone" once it is entered.[1]  *Id*; Dckt. No. 4-1 at 2. Plaintiff contends that he was not given notice of the plea agreement until April 4, 2011 and that the plea is to be entered today, April 6, 2011. Dckt. No. 4 at 4; Dckt. No. 4-1 at 2. Plaintiff also contends that the plea agreement is being entered "in retaliation against the plaintiff for lawfully demanding Attorney David Reynolds to prosecute the Defendants." Dckt. No. 4 at 7.

Although plaintiff has not filed a proof of service of the TRO motion on the defendants at issue, he did indicate in his signed TRO checklist that (1) he attempted to notify defendants by making "over twelve telephone calls to [the district attorney's] office"; (2) he could not seek a stipulation for a TRO since the district attorney "refused to talk with plaintiff"; and (3) he would comply with the notice and service requirements set forth in Federal Rule of Civil Procedure 65(b) and Eastern District of California Local Rule 231. Dckt. No. 4-1 at 2.

////

////

---

[1] Although plaintiff's TRO also references other requested relief, it appears that the TRO and the purported urgency therein is based on the plea agreement that plaintiff seeks to prohibit.

2

"The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Resources Defense Council, Inc.*, __ U.S. __, 129 S. Ct. 365, 375-76 (2008), that the moving party must demonstrate that, absent an injunction, irreparable injury is not only possible, but likely. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest.'" *Id*. (quoting *Winter*, 129 S.Ct. at 375-76).

Here, notwithstanding the purported imminency of the plea agreement plaintiff seeks to enjoin, plaintiff fails to meet the requirements for a TRO. Although plaintiff contends that, if entered, the plea agreement cannot be undone, he has not shown how the entry of such an agreement is likely to result in irreparable harm to plaintiff. Additionally, plaintiff has not demonstrated a likelihood of success on his claim that the entry of such a plea violates his constitutional rights, nor has he shown that this court could provide plaintiff with the relief he seeks, since he does not have the right to dictate whether or how the district attorneys office elects to prosecute individuals and since "[p]rosecutors are absolutely immune from liability under [42 U.S.C.] § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *see also Santobello v. New York*, 404 U.S. 257, 260 (1971) (plea bargaining is essential component of administration of justice); *Miller v. Barilla*, 549 F.2d 648, 649 n.3 (9th Cir. 1977) (plea bargaining is "an integral part of the judicial

process"); *Roe v. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997) (prosecutor is entitled to absolute immunity for the decision not to prosecute); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (prosecutors are absolutely immune from civil liability for post-litigation as well as pre-litigation handling of case). Therefore, plaintiff has not shown that he is entitled to the TRO he currently seeks.

Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order, Dckt. No. 4, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE