
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE L. ADAMS,

        Plaintiff,                       No. CIV S-11-0913 JAM EFB PS

    vs.

CHARLES L. EASLEY, et al.,

        Defendants.               <u>ORDER</u>

_____/

        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On April 5, 2011, plaintiff filed a complaint against numerous defendants alleging, among other things, that several owners of a residence plaintiff has leased violated the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, and plaintiff's civil rights by failing to maintain the property and thereby "constructively evicting" plaintiff from the property because of his race. *See generally* Compl., Dckt. No. 1. The complaint also alleges that the Sutter County District Attorney's Office and individually named district attorneys have violated plaintiff's Fourteenth Amendment rights to due process and equal protection, and plaintiff's rights under California's Victim's Bill of Rights, by failing to prosecute all of the owners of the leased premises and for allowing the two owners they have prosecuted, Charles Easley and Andrew Paulson, to accept a plea agreement. *Id*.

On May 31, 2011, several of the defendants filed a motion to dismiss plaintiff's initial complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e). Dckt. No. 6. On June 1, 2011, another defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction, and on June 6, 2011, several other defendants joined in that motion. Dckt. Nos. 7, 8.

Then, on June 6, 2011, plaintiff filed an amended complaint. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[1] Here, plaintiff's amended complaint was filed within 21 days of the date defendants served their motions to dismiss. However, because it is unclear when plaintiff's initial complaint was served on defendants, it is unclear whether the amended complaint was filed within 21 days of the date he served the initial complaint. Therefore, the court cannot determine, based on the record currently before it, whether plaintiff was entitled to amend his complaint "as a matter of course."

Nonetheless, even if plaintiff was not entitled to amend his complaint as a matter of course, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] Prior to December 1, 2009, Rule 15(a)(1) provided that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."

According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in filing the amended complaint or that the amended complaint was filed in bad faith. In fact, the amended complaint was filed shortly after defendants filed their motions to dismiss. Further, the court cannot say at this time that amendment would be futile. Additionally, although several of the defendants have already filed motions to dismiss the original complaint, if plaintiff's amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can move to dismiss the amended complaint on similar grounds. In fact, some of the defendants already filed a revised motion to dismiss the amended complaint. Dckt. No. 10. Therefore, defendants have completed little or no work that would be disturbed by granting plaintiff leave to file his amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden. Accordingly, plaintiff's amended complaint, Dckt. No. 9, will be deemed the operative complaint. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, defendants' initial motions to dismiss, Dckt. Nos. 6 and 7, will be denied as moot. Plaintiff's amended complaint supersedes the earlier complaint which those motions seek to dismiss, rendering the earlier complaint of no legal effect and the motions to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, Dckt. No. 9, is deemed the operative complaint in this action;

2. Defendants' initial motions to dismiss, Dckt. No. 6 and 7, are denied as moot;

3. The July 6, 2011 and July 13, 2011 hearings on those motions are vacated; and

4. Defendants' recent motion to dismiss plaintiff's first amended complaint, Dckt. No. 10, is not denied as moot and will remain on calendar on August 3, 2011.

DATED: June 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4