1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  TYRONE L. ADAMS,

11             Plaintiff,                    No. CIV S-11-0913 JAM EFB PS

12         vs.

13
    CHARLES L EASLEY, et al.,                ORDER AND
14                                           FINDINGS AND RECOMMENDATIONS
               Defendants.
15  _____/

16        This fee-paid case, in which plaintiff is proceeding pro se, is before the undersigned

17  pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

18  Defendants Robert Boyer, Randy Cagle, Larry Bagley, Carl Adams, David Reynolds, Jana

19  McClung, and Sutter County, along with defendant John Judson Waggoman, move to dismiss

20  plaintiff's first amended complaint for failure to comply with Federal Rule of Civil Procedure

21  ("Rule") 8, for failure to state a claim pursuant to Rule 12(b)(6), and/or for a more definite

22  statement pursuant to Rule 12(e).  Dckt. Nos. 10, 14.  Plaintiff also moves to file a second

23  amended complaint.[1]  Dckt. No. 17.  Recently, defendants Robert Boyer, Randy Cagle, Larry

24  _____

25        [1] Plaintiff filed a second amended complaint on June 28, 2011.  Dckt. No. 12.  However,
    that complaint was stricken for failure to comply with Rule 15.  Dckt. No. 13.  The court
26  informed plaintiff that if he "seeks leave to file a second amended complaint in accordance with

                                          1

1  Bagley, Carl Adams, David Reynolds, Jana McClung, and Sutter County filed a further motion

2  to dismiss and a request for sanctions pursuant to the court's inherent authority and 28 U.S.C.

3  § 1927.  Dckt. No. 31.  The motion is noticed for hearing on December 14, 2011.

4  I.    Motion to Dismiss

5        Defendants move to dismiss plaintiff's first amended complaint on the grounds that it

6  fails to comply with Rule 8(a) and fails to state a claim for relief.  Dckt. Nos. 10, 14.

7  Specifically, defendants contend that this action is duplicative of another action pending before

8  this court (Case No. 2:11-cv-826-GEB-DAD), and that plaintiff's first amended complaint is

9  "rambling" and "incoherent."  Dckt. No. 10-1 at 2-3.  Defendants also note that plaintiff has filed

10 actions in the Northern District of California (Case No. 4:11-cv-1219-SBA) and in Sutter County

11 Superior Court (Case No. CGC-11-512166), and that all of plaintiff's pending actions arise out

12 of the same allegations.  *See* Dckt. No. 21 at 3; Dckt. No. 23 at 2-6.

13       To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

14 must contain more than a "formulaic recitation of the elements of a cause of action"; it must

15 contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

16 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

17 . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

18 action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

19 236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

20 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

21 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

22 pleads factual content that allows the court to draw the reasonable inference that the defendant is

23 liable for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of

24

25 Federal Rule of Civil Procedure 15(a)(2), he shall obtain written consent from all defendants or
   file a motion to amend in accordance with Local Rule 230."  *Id*.  Thereafter, plaintiff filed a
26 motion for leave to file a second amended complaint.  Dckt. No. 17.

2

1  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

2  theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3         In considering a motion to dismiss, the court must accept as true the allegations of the

4  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

5  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

6  in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

7  (1969).  The court will "'presume that general allegations embrace those specific facts that are

8  necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

9  (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

10         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

11  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

12  1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply

13  essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

14  1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

15  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

16  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*

17  *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

18  unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643

19  F.2d 618, 624 (9th Cir. 1981).

20         The court may consider facts established by exhibits attached to the complaint.  *Durning*

21  *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

22  which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

23  public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South*

24  *Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  A pro se litigant is entitled to notice of

25  the deficiencies in the complaint and an opportunity to amend, unless the complaint's

26  deficiencies could not be cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

Cir. 1987).

Plaintiff's 271-page first amended complaint is vague, rambling, and at times incoherent. *See generally* Dckt. No. 9.  Plaintiff alleges that his rental home contained mold, mites, fungus, bacteria and water damage which all caused him physical harm, interfered with his right to fair housing, and was a hate crime in violation of a laundry list of federal and state laws and programs.[2]  The approximately forty defendants named in plaintiff's first amended complaint include the owners and property management companies for the home, the Sutter County District Attorney's Office,[3] and several Sutter County building inspectors.  It is not clear which causes of action relate to which defendants and the allegations are so vague and rambling that this court cannot discern whether plaintiff has stated any viable claims.  For those reasons alone, this action should be dismissed pursuant to Rule 8(a) and Rule 12(b)(6).

In addition to those grounds for dismissal, however, this action should be dismissed in its entirety because it is duplicative of another action currently pending before this court.  A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp.2d 1132, 1145 (E.D. Cal. 1999) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).  "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action." *Id.* at 1144 (citation omitted).  "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted).  "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir.

---

[2] There are twenty-seven causes of action.

[3] Plaintiff states that only certain defendants are being prosecuted, and that therefore the District Attorney's Office has violated plaintiff's rights.

1979)

Plaintiff filed the instant action on April 5, 2011, and the instant first amended complaint on June 6, 2011.  Dckt. Nos. 1, 9.  However, court records indicate that on March 25, 2011, prior to commencing this action, plaintiff filed a virtually identical case in this court – *see Adams v. Easley*, Case No. 2:11-cv-826-GEB-CKD ("*Adams v. Easley I*").[4]  In fact, the first amended complaint in the current action appears to be the exact same 271-page proposed first amended complaint that was filed on May 19, 2011 in *Adams v. Easley I*.  *See* No. 2:11-cv-826-GEB-CKD, Dckt. No. 14.[5]  Although not all of the defendants have been served or have appeared in this action, because this entire action is duplicative of the earlier-filed action in this court, the undersigned recommends that the entire action be dismissed.[6]

II.     Motion to Amend

Plaintiff has also filed a motion for leave to file a second amended complaint.  Dckt. No. 17.  Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Here, plaintiff has already filed an amended complaint.  Nonetheless, even if plaintiff was not entitled to amend his complaint as a matter of course, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or

---

[4] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[5] Plaintiff also filed an additional amended complaint in *Adams v. Easley II*, that is also nearly identical to the instant action.  *See* No. 2:11-cv-826-GEB-CKD, Dckt. No. 19.

[6] The assigned magistrate judge in *Adams v. Easley I* has issued findings and recommendations recommending that defendants' motions to dismiss the complaints therein be granted and that the action be dismissed.  *See* No. 2:11-cv-826-GEB-CKD, Dckt. Nos. 32, 42.  Plaintiff has since filed a further motion to amend his complaint in that action and defendants have filed a motion for sanctions.  Dckt. Nos. 47, 58.

the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P.
15(a)(2).  The policy of freely granting leave to amend should be applied with "extreme
liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When
determining whether to grant leave to amend under Rule 15(a), a court should consider the
following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to
the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  According to the Ninth Circuit,
"the crucial factor is the resulting prejudice to the opposing party," and the burden of showing
that prejudice is on the party opposing amendment.  *Howey v. United States*, 481 F.2d 1187,
1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.
2003); *DCD Programs*, 833 F.2d at 187.  Granting or denying leave to amend rests in the sound
discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v. U.S.
Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

In the instant case, defendants will be prejudiced if plaintiff is granted further leave to
amend, as they are already litigating the exact same claims in a different suit.  Moreover, it is
clear that further amendment will be futile due to the duplicative nature of this case.  *Noll v.
Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se
plaintiff to amend, leave to amend should not be granted where it appears amendment would be
futile).  Therefore, plaintiff's motion to amend should be denied.

III.   Motion for Sanctions

On October 20, 2011, defendants Robert Boyer, Randy Cagle, Larry Bagley, Carl
Adams, David Reynolds, Jana McClung, and Sutter County filed a further motion to dismiss and
a request for sanctions pursuant to the court's inherent authority and 28 U.S.C. § 1927.[7]  Dckt.
No. 31.  However, because this action is dismissed without leave to amend, defendants' recent

---

[7] The undersigned notes that defendants filed a similar motion in *Adams v. Easley I* on
October 19, 2011.  *See* No. 2:11-cv-826-GEB-CKD, Dckt. No. 58.

motion should be denied as moot.[8]

Accordingly, IT IS HEREBY ORDERED that:

1. The December 14, 2011 hearing on defendants' motion for sanctions, Dckt. No. 31, is vacated; and

2. The December 21, 2011 status (pretrial scheduling) conference, Dckt. No. 20, is vacated.[9]

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss, Dckt. Nos. 10 and 14, be granted;

2. This case be dismissed in its entirety without leave to amend;

3. Plaintiff's motion to amend, Dckt. No. 17, be denied;

4. Defendants' motion to dismiss and for sanctions, Dckt. No. 31, be denied as moot; and

5. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 25, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[8] As a result, the court will decline to exercise its inherent authority to sanction plaintiff in this action and will decline to sanction plaintiff pursuant to 28 U.S.C. § 1927.

[9] As a result, the parties are not required to submit status reports as provided in the July 26, 2011 order.  *See* Dckt. No. 20.  However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.